Beckwith, C. J.
I cannot make it out that the plaintiff has established the proposition that the conveyance from Frances A. Berger to Mrs. Adams was fraudulent.
*824 In order to recover tbe plaintiff must affirmatively prove tlie allegation by direct testimony, or facts justifying a conclusion to that effect. We might speculate on the probability that Mrs. Berger felt assured when she tendered a conveyance to her mother that she would still be allowed to occupy the house as-her home, and also on the chance of the mother’s disposition to hold the property for her daughter’s benefit. But I do not discover in the evidence that any understanding to that effect existed between them, nor do I see in the facts proved any circumstances from which it could be legally inferred that the conveyance was made to hinder or delay creditors any further than they were necessarily hindered by the preference given to Mrs. Adams. The plaintiff in support of his claim seems to rely mainly on the testimony of Mrs. Berger and Mrs. Adams given before the referee in supplementary proceedings, as well as on the trial herein, to the effect that the conveyance was añade to prevent the plaintiff from levying his execution upon the piece of land. An understanding between vendor and vendee, and the declaration of each of them, that such was the purpose of the conveyance are not necessarily enough to establish fraud. The cases seem to lay down the doctrine that a debtor may convey his property to his creditor in satisfaction of an honest debt, or as security for the same, and that their open declaration of an intent to keep it away from another creditor, who is after it, will not without other evidence of a fraudulent intent, make the transaction liable to be declared void. Coranhovan v. Hart, 21 Pa. St., 500; Waterbury v. Sturtevant, 18 Wend., 358; Auburn Bank v. Fitch, 48 Barb., 344. This doctrine results from the legal premises that the owner of the property has the primary right of disposing of it as he pleases, and that, if insolvent, he may lawfully turn it out to one creditor to the exclusion of another. Hence Mrs. Berger had a right to convey her house and lot to Mrs. Adams in satisfaction of the demands held by the latter to the exclusion of the plaintiff, and having the lawful right to do the act, it does not affect the lawfulness of her act that she and the vendee admitted afterwards, or openly declared at the time, that such was the pui’pose of the act. Although vendor and. vendee may be led to testify that the one conveyed, and the other received the property, with intent to keep it from the plaintiff, yet from those circumstances the court cannot find the fact that there was an intent to hinder and delay, because the law says there can be no such intent when the property is kept away from the pursuing creditors by being given to another creditor in satisfaction of an honest debt. Of course this is upon the assumption that there is no further evidence of fraud. In this case the plaintiff founds his claim mainly on the verbal language of Mrs. Berger and Mrs. Adams in admission of their *825 purpose to place the property beyond reach of tbe plaintiff’s execution.
Here it is a mere mental intent or purpose that is shown, in no way allied to, or accompanied by, an illegal act; for the act of preference was a lawful act. A mere intent accompanied by no illegal act will not give a ground of action. In Billings v. Billings, 101 N. Y., 226, there was something more than evidence of the mere mental state or intent. There was, a plan concurred in by the vendor and vendee to cover up and shield the property from the pursuit of other creditors in order to enable the vendor to continue to occupy it. This unlawful design entered into the transaction between vendor and vendee, and tainted the conveyance and their acts from the beginning of the pretended attempt to secure the creditor. Even in that case the Supreme Court, at General Term. (31 Hun, 65), could not see how there could be any fraud consequent upon such understanding between 'the parties when the resultant acts of the parties were legal in themselves considered, for the creditor would have had the right not only to accept the mortgage but afterwards voluntarily to allow the debtor to remain on the premises.
In the case before me there were no facts proved besides the-testimony of vendor and vendee mentioned, tending to show a fraudulent intent, unless it may be the testimony as to the value of the land that was conveyed, and the fact that everything the defendant Frances Berger and her husband owned, was transferred. The plaintiff produced a witness who testified that the property was worth upwards of four thousand dollars. On the other hand it appeared that Mrs. Adams paid the cost of the property and subsequently the taxes, and that interest on her demand had accrued.
I am not satisfied that the consideration was so inadequate as to justify for that reason, an inference of fraudulent intent, nor has the plaintiff made it appear that the entire amount of the property turned over to Mrs. Adams was more than sufficient to reasonably secure her demands. It was said on the argument that the defendants had given Mrs. Berger the appearance of being a woman of property to the injury of the plaintiff and those dealing with her. But that charge would be true in a great many instances where a man is dealing with many different persons.
A great many merchants and other business men are indebted for the property in their possession. The seller must loot out for himself.
Judgment must be ordered for the defendants with costs.